UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        :
SUSAN D'ESPOSITO, on behalf of          :    Civil Action No.:
herself and all others similarly situated,  :
                                        :    Class Action Complaint
                        Plaintiff,      :
                                        :    Jury Trial Demanded
       -against-                        :
                                        :
MICHAELS STORES, INC.,                  :
                                        :
                        Defendant.      :
_____

        Plaintiff, Susan D'Esposito, on behalf of herself and all others similarly situated,

by her attorneys, Denlea & Carton LLP and Rubin, Hay & Gould, P.C., as and for her

class action complaint, alleges, with personal knowledge as to her own actions, and

upon information and belief as to those of others, as follows:

                              **Nature of this Case**

        1.      This action seeks to redress the unlawful violation by Michaels Stores, Inc.

("Michaels") of its customers' privacy rights under the laws of the Commonwealth of

Massachusetts.  Massachusetts law protects consumers from corporate use of their

personal information for unsolicited marketing to them and for other corporate purposes

unrelated to the completion of a credit card transaction.  Michaels violates

Massachusetts law when it collects zip codes from its customers when they make

purchases using credit cards at its retail stores.

        2.      It is only legal for retailers to ask customers for their zip codes if the credit

card issuers require the retailers to do so.  However, it is unlawful for a retailer to collect

zip code information from its customers for any other reason.  Nevertheless, Defendant

and its employees collect their credit card customers' zip codes for Defendant's own

improper marketing purposes.

3.     On information and belief, Defendant collects its credit card customers' zip

codes to "reverse engineer" its customers' addresses and/or telephone numbers using

commercially available databases.  By inputting its customers' names and zip codes

into such databases, Michaels is often able to determine the customers' current

addresses and/or telephone numbers.

4.     Michaels then uses that personal identification information for its own

unsolicited marketing purposes, such as sending junk mail directly to customers' homes

without their permission.  Michaels may even sell that personal identification information

for profit to third parties.

5.     The collection of zip codes from customers engaged in a credit card

transaction, except when that information is required by the credit card issuer, violates

Mass. Gen. Laws  ch. 93 § 105, which provides, in relevant part:

> No person . . . that accepts a credit card for a business
> transaction shall write, cause to be written or require that a
> credit card holder write personal identification information,
> not required by the credit card issuer, on the credit card
> transaction form.  Personal identification information shall
> include, but shall not be limited to, a credit card holder's
> address or telephone number.

6.     Pursuant to Mass. Gen. Laws ch. 93 §105 and ch. 93A § 9, this class

action lawsuit is brought on behalf of a class of Massachusetts consumers whose

personal identification information was wrongfully collected by Michaels.  The Complaint

seeks statutory damages, treble damages, injunctive relief, and attorneys' fees and expenses.

## Jurisdiction and Venue

7.       This Court has jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28. U.S.C. § 1332(d).  Jurisdiction is proper because (1) the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interests and costs; and (2) the named Plaintiff and the Defendant are citizens of different states. 28 U.S.C. §1332(d)(2)(A).

8.       Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) because substantial actions and events giving rise to the claim occurred within this judicial district. Additionally, Defendant operates 27 retail stores and has otherwise done substantial business within this judicial district.

## Parties

9.       Plaintiff Susan D'Esposito is a citizen and resident of the Commonwealth of Massachusetts.  Dr. D'Esposito shops several times per year at the Michaels retail store in Saugus, Massachusetts.  She uses her credit card for her purchases.  Each time Dr. D'Esposito presents her credit card, she is asked to state her zip code to the Michaels employee.   Believing that she is required to do so in order to complete the credit card transaction, Dr. D'Esposito each time provides her zip code.  On several occasions, when asked for her zip code, Dr. D'Esposito has responded by asking the clerk, in sum and substance, "Why do you keep asking for my zip code?  You already have that information."  Dr. D'Esposito has been told by Michaels' employees that she is required to provide her zip code in order to complete her credit card transactions.

Subsequently, Dr. D'Esposito has actually received unwanted marketing materials from Michaels, and her personal identification information may have been sold by Michaels for a profit.

10.     Defendant Michaels is a Delaware corporation with its principal place of business located at 8000 Bent Branch Road, Irving, Texas  75063.  Michaels is the largest arts and crafts specialty retailer in North America, providing materials, project ideas, and education for creative activities.  As of January 16, 2013, Michaels operates 1100 retail stores in 49 states as well as in Canada. Michaels' revenues for the fiscal year ended January 28, 2012 exceeded $4.2 billion.  In Massachusetts, Michaels presently operates 27 retail stores.

11.     On information and belief, Michaels follows a policy of writing customers' credit card numbers, names and zip codes on an electronic credit card transaction form in connection with its customers' credit card purchases.

## GENERAL ALLEGATIONS

12.     Michaels employs improper means to collect personal customer information so that it can provide marketing materials to its customers to increase its sales.  Unfortunately, by misusing the personal customer information it collects in connection with credit card transactions, Michaels engages in intrusive, unwanted, and unsolicited direct marketing, and invades its customers' privacy. Michaels may even sell for profit its customers' identities and purchasing information to third parties without their consent.

13.     In recognition of the actual and potential misuse of personal customer information, the Commonwealth of Massachusetts has enacted a law, Mass. Gen. Laws

ch. 93 § 105, which prohibits retailers from collecting and/or using a customer's personal identification information in connection with a credit card transaction unless the collection of that personal identifying information is required by the credit card issuer.

14.      A related putative class action, *Melissa Tyler v. Michaels Stores, Inc.*, Case 1:11-cv-10920-WGY, is presently pending before the Hon. William Young in the United States District Court for the District of Massachusetts.  In the related *Tyler* action, after dismissing the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted, Judge Young certified three questions to the Supreme Judicial Court of Massachusetts concerning the meaning of Mass. Gen. Laws ch. 93 § 105.  The first question was "Under [G.L.c.] 93, [§]105(a), may a [zip code] be 'personal information' because a [zip code] could be necessary to the credit card issuer to identify the card holder in order to complete the transaction?"  The second question was "Under [G.L.c.] 93, [§]105(a), may a plaintiff bring an action for this privacy right violation absent identity fraud?"  The third question was "Under [G.L.c.] 93, [§]105(a), may the words 'credit card transaction form' refer to an electronic or a paper transaction form?"

15.      One of Plaintiff's counsel in the instant action, Jeffrey I. Carton, was lead counsel for plaintiff in the *Tyler* action until Mr. Carton left the firm of Meiselman, Denlea, Packman, Carton & Eberz, P.C. to establish Denlea & Carton LLP in December 2012.  Mr. Carton was the plaintiff's counsel who argued the certified questions before the Supreme Judicial Court of Massachusetts on November 6, 2012.

16.      On March 11, 2013, the Supreme Judicial Court of Massachusetts issued a landmark decision interpreting the meaning of Mass. Gen. Laws ch. 93 § 105.  *See*

*Tyler v. Michaels Stores, Inc.*, 2013 Mass. LEXIS 40 (2013).  The Supreme Judicial

Court answered "Yes" to each of the three certified questions.

17.     The Supreme Judicial Court held that the main purpose of Section 105(a)

is not to prevent identity fraud, but rather, Section 105(a) is intended to protect

consumer privacy.  The Supreme Judicial Court found that "based on the text, title and

caption, and legislative history of §105, we are persuaded that the principal purpose of

§105(a), in contrast to §105(b), is to guard consumer privacy in credit card transactions,

not to protect against credit card identity fraud."  *Id.* at *16.  Turning to the three certified

questions, the Court held first that a zip code qualifies as personal identification

information under Section 105(a).  *Id.* at *16-17.  Second, the Court held that a plaintiff

may bring an action for a violation of Section 105(a) without alleging a claim of identity

fraud, but rather, to address a claim of invasion of privacy by a merchant.  *Id.* at 19-20.

In order to do so, a plaintiff must allege either that he or she actually received unwanted

marketing materials as a result of the merchant's unlawful collection of the consumer's

personal identification information or that the merchant sold the consumer's personal

identification information for a profit.  *Id.* at *23.  Third, the Court held that the term

"credit card transaction form" in Section 105(a) should be understood to refer equally to

an electronic and a paper transaction form.  *Id.*

18.     Michaels violates Mass. Gen. Laws ch. 93 § 105, as interpreted by the

Supreme Judicial Court in *Tyler v. Michaels Stores, Inc.*  When a customer uses his or

her credit card to make purchases at a Michaels' retail store, the employee at the

check-out counter requires the customer to provide his or her zip code in order to

complete the credit card transaction.  The employee subsequently writes that zip code into an electronic credit card transaction form.

19.     On information and belief, Michaels is not required by the credit card issuers to obtain this information.  Rather, Michaels uses this information not for verification, but instead, for its own improper purposes.  In particular, Michaels has the ability to match the customer's name and zip code with an address and/or telephone number, the very information § 105 prohibits it from obtaining.

20.     Consumers, like Plaintiff, have a statutorily created privacy interest in not having to divulge their personal identification information, including zip codes.

## Class Action Allegations

21.     Plaintiff brings this action on her own behalf and on behalf of a class of all persons in Massachusetts whose zip codes were obtained and recorded by Michaels when such persons made a credit card purchase at Michaels.

22.     Excluded from the Class is Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise controls or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.  Also excluded from the Class is any Judge presiding over this matter, and any member of said Judge's immediate family.

23.     This action meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

        a.  The Class consists of thousands of persons and is therefore

sufficiently numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b.  Questions of law or fact common to the Class predominate over any questions affecting only individual members, including:

i.      whether Defendant violated Mass. Gen. Laws ch. 93 § 105, and thereby violated Mass. Gen. Laws ch. 93A § 2;

ii.     whether Defendant is being unjustly enriched by, among other things, selling Plaintiff's and class members' personal identification information to third parties;

iii.    whether Plaintiff and class members have sustained damage and, if so, what is the proper measure thereof; and

iv.     whether Defendant should be enjoined from collecting zip codes from customers using credit cards, and whether such a practice should be declared unlawful.

c.  The claims asserted by Plaintiff are typical of the claims of the members of the Class;

d.  Plaintiff will fairly and adequately protect the interests of the Class, and Plaintiff has retained attorneys experienced in class and complex litigation, including litigation involving consumer protection;

e.  Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Michaels;

f.   Michaels has acted on grounds that apply generally to the Class – *i.e.*, by unlawfully collecting customers' zip codes in connection with their credit card transactions, so that final injunctive relief prohibiting Michaels from continuing to do so is appropriate with respect to the Class as a whole.

g.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy because:

i.   Class members will be unable to obtain relief as a practical matter unless the action proceeds as a class action, Defendant's violations of Massachusetts law will continue without remedy; additional customers will be harmed; and Defendant will continue to retain its ill-gotten gains;

ii.   Because the damages recoverable by individual Class members are small, it would be uneconomical for individual Class members to prosecute individual actions;

iii.   When the liability of Defendant has been adjudicated, the Court will be able to determine the claims of all members of the Class.

iv.   A class action will permit an orderly and expeditious prosecution of Class claims, will promote economies of time, effort, and expense, and will ensure uniformity of decisions;

v.   The lawsuit presents no difficulties that would impede its manageability by the Court as a class action; and

vi.   Defendant has acted on grounds generally applicable to Class members, making class-wide monetary and injunctive relief appropriate.

24.     Defendant's violations of Mass. Gen. Laws ch. 93 § 105 and Mass. Gen. Laws ch. 93A § 2 are applicable to all members of the Class. Plaintiff is entitled to have Defendant enjoined from engaging in illegal, deceptive and unfair conduct in the future.

## FIRST CAUSE OF ACTION
**(Violation of Massachusetts Unfair Trade Practices Act, Mass. Gen. Laws ch. 93A)**

25.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 24 above as if fully set forth herein.

26.     Mass. Gen. Laws Ch. 93 § 105(a) provides that:

No person, firm, partnership, corporation or other business entity that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form.  Personal identification information shall include, but shall not be limited to, a credit card holder's address or telephone number.  The provisions of this section shall apply to all credit card transactions.

27.     Michaels is a corporation that accepts credit cards for retail transactions.

28.     When a customer uses a credit card for a purchase at Michaels' retail stores in Massachusetts, a Michaels' employee requests the customer to provide his or her zip code in order to complete the credit card transaction. The Michaels' employee then writes that zip code into the credit card transaction form.  The credit card transaction form appears on the computerized check-out register used to process the point-of-sale transaction.  Customers provide this information in the mistaken belief that providing a zip code is necessary to complete the transactions, and Michaels' employees tell the customers that the customers must provide their zip codes in order to complete the credit card transactions.

29.     A zip code is part of a credit card holder's address.  Therefore, a zip code is personal identification information within the meaning of Mass. Gen. Laws Ch. 93 §

10

105(a).  Michaels is able to use a customer's name and zip code to determine the customer's address or telephone number through the use of commercially available databases.

30.     Mass. Gen. Law ch. 93 § 105(c)  expressly provides that the collection of personal identification information, unless that information is required by the credit card issuer, is a per se violation of Mass. Gen. Laws ch 93A §2: "Any violation of the provisions of this chapter shall be deemed to be an unfair and deceptive trade practice, as defined in section 2 of chapter 93A."

31.     Mass. Gen. Laws ch.93A § 9 provides that:

Any person . . . who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two . . . may bring an action in the superior court . . . for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper . . . Any persons entitled to bring such action may, if the use or employment of the unfair or deceptive act or practice has caused similar injury to numerous other persons similarly situated and if the court finds in a preliminary hearing that he adequately and fairly represents such other persons, bring the action on behalf of himself and such other similarly injured and situated persons.

32.     Plaintiff and the members of the Class have been injured by Michaels' collection of their zip codes in connection with their credit card transactions and Defendant's subsequent misuse of their personal identification information.  Mass. Gen. Laws. Ch. 93 § 105 creates a protected privacy interest held by consumers in not having to divulge personal identification information, including their zip codes, when they use a credit card.  Plaintiff and the Class have been injured because they have received unwanted marketing materials from Michaels as a result of having provided their zip codes when using credit cards at Michaels.  In addition, Plaintiff and the Class

have been injured by Michaels' misappropriation of their economically valuable personal identification information without consideration.

33.     Mass. Gen. Laws. Ch. 93A § 9(3) requires that a written demand letter be sent to a Defendant prior to instituting suit.  In the related putative class action, *Melissa Tyler v.Michaels Stores, Inc.*, Case 1:11-cv-10920-WGY, filed on May 23, 2011, plaintiff therein had served, on March 11, 2011, a written demand for relief upon Defendant identifying Ms. Tyler as a claimant and reasonably describing the same unfair or deceptive act as alleged herein and the injury she and the other class members have suffered.  By letter dated April 5, 2011, Defendant acknowledged receipt of that demand letter.  Defendant made no reasonable tender of settlement in response to the first demand.  Plaintiff Susan D'Esposito's claims are identical to Melissa Tyler's claims about which Michaels has already received a written demand letter.  Accordingly, because Defendant Michaels has been put on notice of the claims alleged herein since March 11, 2011, has actually received a written demand letter regarding those claims, has not made a reasonable tender of settlement in response to the first demand, and Defendant has been defending the related *Tyler* action for nearly two years, Plaintiff Susan D'Esposito is not required by Mass. Gen. Laws Ch. 93A § 9(3) to serve a demand letter upon Defendant prior to instituting this action.  *See Baldassari v. Public Finance Trust*, 369 Mass. 33, 42 (1975) ("If a proper demand [under G.L. c.93A §9(3) ] is made by one plaintiff, identifying him as the claimant and reasonably describing the act or practice relied on and the injury suffered by him, we think he and others similarly situated may join in a class action to redress that injury and similar injuries caused by the same act or practice.  Multiple demands for relief need not be filed on behalf of all

members of the class.  If no reasonable tender of settlement is made in response to the

first demand, further demands are not likely to serve any useful purpose and are not

required.").

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

34.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1

through 33 as if fully set forth herein.

35.     Defendant knowingly and willingly accepted benefits from Plaintiff and the

Class consisting of their economically valuable personal identification information, while

providing Plaintiff and the Class nothing in return.

36.     Under the circumstances described herein, it is inequitable for Defendant

to retain the full monetary benefit of that personal identification information at the

expense of Plaintiff and the Class.

37.     By engaging in the conduct described above, Defendant has unjustly

enriched itself at the expense of Plaintiff and the Class, and is required, in equity and

good conscience, to compensate Plaintiff and the Class for the misappropriation of their

personal identification information, the amount of such compensation to be determined

at trial.

## THIRD CAUSE OF ACTION
### (Declaratory Relief Pursuant to 28 U.S.C. §§ 2201 et seq.)

38.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1

through 37 as if fully set forth herein.

39.     An actual controversy over which this Court has jurisdiction has arisen and now exists between the parties relating to the legal rights and duties of Plaintiff and Defendant for which Plaintiff desires a declaration of rights.

40.     A declaratory judgment is necessary to determine Plaintiff's and Class members' rights in connection with the unlawful collection of zip code information by Defendant, including, among other things, a declaration that Defendant has violated Mass. Gen. Laws. Ch. 93 § 105 and Ch. 93A §2.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1.     Certifying this action as a class action, with the Class as defined above;

2.     On Plaintiff's First Cause of Action, awarding against Defendant statutory damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions in the amount of $25.00 per Class member, such damages to be trebled;

3.     On Plaintiff's Second Cause of Action, awarding against Defendant damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions;

4.     On Plaintiff's Third Cause of Action, declaring that Defendant's practice of collecting of zip code information from customers in a credit card transaction where such information is not required by the credit card issuer to be a violation of Mass. Gen. Laws. Ch. 93 § 105 and Ch. 93A §2;

5.     Awarding Plaintiff and the Class interest, costs, and attorneys' fees; and

6.     Awarding Plaintiff and the Class such other and further relief as this Court

deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:          Framingham, Massachusetts
                March 14, 2013

Respectfully submitted,

RUBIN, HAY & GOULD, P.C.

By:          /s/ David J. Fine
             David J. Fine, Esq.
             205 Newbury Street
             Framingham, Massachusetts  01701
             Tel: (508) 875-5222
             Fax: (508) 879-6803
             dfine@rhglaw.com

DENLEA & CARTON LLP

By:          /s/ Robert J. Berg
             Robert J. Berg, Esq.
             One North Broadway
             Suite 509
             White Plains, New York 10601
             Tel: (914) 920-7400
             Fax: (914) 761-1900
             rberg@denleacarton.com

*Attorneys for Plaintiff*